UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES H. BAX, | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00605-RCJ-RAM |
| vs. | ) | |
| | ) | |
| CITY OF SPARKS et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the forfeiture of Plaintiffs' four motorcycles in state court following his conviction for identity theft. Pending before the Court are three motions to dismiss and a motion to appoint counsel. For the reasons given herein, the Court grants two of the motions to dismiss and denies the remaining motions as moot.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Charles H. Bax was convicted in state Court for the felony of Obtaining and/or Using Personal I.D. Information of Another, in violation of Nevada Revised Statutes ("NRS") section 205.463. (*See* State Ct. Order Granting Summ. J. 2 ¶ 9, July 15, 2009, ECF No. 13-2, at 2). In connection with this conviction, four motorcycles (the "Property") were seized and made subject to forfeiture as the proceeds of felonious acts. (*Id.* ¶¶ 7, 8, 10). Pursuant to NRS section 179.1173(7), Judge Janet Berry of the Second Judicial District Court in Washoe County, Nevada entered judgment against the Property, ordering its forfeiture to the City of Sparks, when

Plaintiff failed to respond to the City's motion for summary judgment. (*See id.* 1:21, 3:1, 5–9).

Plaintiff sued Defendants City of Sparks, Sparks Police Department, Reno District Court, the State of Nevada, and Judge Berry in pro se in this Court on three causes of action pursuant to 42 U.S.C. § 1983. The Complaint can be characterized as stating two claims: (1) and (3) Fourth Amendment Violations; and (2) Sixth Amendment Violations. Plaintiff seeks $10 million in damages. Defendants have separately moved to dismiss for lack of subject matter jurisdiction, failure to state a claim under Rules 12(b)(1) and 12(b)(6), and insufficient service of process.

## II. LEGAL STANDARDS

Federal courts are of limited jurisdiction, possessing only those powers granted by the Constitution or statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citations omitted). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense via a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during pendency of the action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

## III. ANALYSIS

First, the Second Judicial District Court and Judge Berry are absolutely immune from any claims stemming out of forfeiture proceedings, the issuance of a search warrant, or any other judicial acts. These Defendants are therefore dismissed with prejudice without further analysis. Judges and courts have absolute civil immunity for their judicial acts, including as against claims under 42 U.S.C. § 1983, and regardless of any erroneous application of the law,

unless there is a "clear absence" of subject-matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–58 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)). The Complaint is based on: (1) an alleged falsehood in a police officer's affidavit, which does not implicate wrongdoing by any court or judge; and (2) the failure of the state court to provide counsel for Plaintiff in the forfeiture proceeding. There is no allegation the state court lacked jurisdiction to issue a warrant or to conduct the forfeiture proceeding. Nevada's district courts have general jurisdiction over all cases where jurisdiction is not specifically granted to the justice courts. Nev. Const. art. 6, § 6, cl. 1. The justice courts' jurisdiction over forfeiture actions is limited to those cases where the value of the property does not exceed $10,000, *see* Nev. Rev. Stat. § 4.370(c), and in this case the Property (four Harley-Davidson motorcycles) was almost certainly valued at over $10,000. Plaintiff claims damages of $10 million and does not allege a lack of jurisdiction. Finally, a court is not a "person" who can be sued under § 1983. *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Foster v. Walsh*, 864 F.2d 416, 418–19 (6th Cir. 1988); *Coopersmith v. Sup. Ct., State of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972); *Zuckerman v. App. Div., Second Dep't, Sup. Ct. of State of N.Y.*, 421 F.2d 625, 626 (2d Cir. 1970); *see also United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)).

Second, the Sparks Police Department is not a "person" who can be sued under § 1983. *See Kama*, 394 F.3d at 1239–40 (Ferguson, J., concurring) (citing *Hervey*, 65 F.3d at 791). The Court dismisses the Sparks Police Department as a Defendant with prejudice without further analysis.

Third, although the State of Nevada has waived its common law sovereign immunity in its own courts to a limited extent, it has specifically refused to waive its Eleventh Amendment protection in federal court. *See* Nev. Rev. Stat. § 41.031. Also, the State of Nevada is not a person who can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66

(1989). The Court dismisses the State of Nevada as a Defendant with prejudice without further analysis.

The only remaining Defendant is the City of Sparks (the "City"). The City argues that the *Rooker-Feldman* doctrine prevents the Court from considering claims that amount to a review of the state court's ruling. The *Rooker-Feldman* doctrine stems from two cases recognizing that under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it creates. *See* U.S. Const. art. III, § 1. In both of those cases, parties who had lost in state court attempted to invoke the jurisdiction of the United States District Court to appeal the state-court rulings. In both cases, the federal statutes applicable at the respective times did not give the United States District Court appellate jurisdiction over the respective controversies. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a judicial matter, not an administrative one, making any federal jurisdiction appellate, not original, and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United States District Court, but to the United States Supreme Court under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (holding that under the statutes in place at the time, an appeal from the Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United States District Court, because the jurisdiction of the latter court was strictly original).

Presumably, Congress could create appellate jurisdiction over state-court rulings in the United States District Court. The question in this case, as it was in *Rooker* and *Feldman*, is whether Congress has done so. It has not. Plaintiff brings the case under § 1983, but this Court has no statutory jurisdiction to entertain *de facto* appeals of state trial court rulings any more than it has jurisdiction to entertain formal appeals of such rulings. *See, e.g.*, *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008). The issues here (the lack of appointed counsel during the forfeiture proceedings and the allegedly defective search warrant) must be litigated

1  through the state courts because they are "inextricably intertwined" with the state-court

2  decisions. *See Feldman*, 460 U.S. at 483 n.16 ("If the constitutional claims presented to a United

3  States District Court are inextricably intertwined with the state court's denial in a judicial

4  proceeding of a particular plaintiff's application for admission to the state bar, then the District

5  Court is in essence being called upon to review the state court decision. This the District Court

6  may not do."); *Reusser*, 525 F.3d at 859. Here, Plaintiff is asking this Court to decide alleged

7  constitutional errors in the way the state court determined the validity of a search warrant and a

8  conducted a forfeiture action. Plaintiff must appeal Judge Berry's decisions to the Nevada

9  Supreme Court. The avenue for federal review of such actions is 28 U.S.C. § 1257, if and when

10  the Nevada Supreme Court decides an appeal or denies certiorari to hear one.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 13, 16) are GRANTED.

IT IS FURTHER ORDERED that all remaining motions are DENIED as moot.

IT IS SO ORDERED.

Dated: This 30th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge